# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE DANGERFIELD, | Case No. 1:16-cv-00806-JLT (PC) |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED, WITHOUT PREJUDICE, FOR FAILUE TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT |
| v. | |
| UNKNOWN, et al., | |
| Defendants. | |
| | (Doc. 1) |
| | 30-DAY DEADLINE |

This action under 42 U.S.C. § 1983 was transferred in from the United States District Court for the Northern District of California on June 10, 2016.

The Prison Litigation Reform Act of 1995 requires that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516 (2002).

In the complaint,[1] Plaintiff concedes that while there is an appeals/grievance procedure at the institution, he did not present the facts in the complaint for review through that procedure. (Doc. 1, Comp., p. 1.)  Thus, it appears Plaintiff filed suit prematurely without first exhausting in compliance with section 1997e(a).  *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal. . . ."). Accordingly, the Court **ORDERS**:

    1.    **Within 30 days** Plaintiff **SHALL** show cause in writing why this action should not be dismissed, without prejudice, for failure to exhaust administrative remedies prior to filing suit.

**Plaintiff is advised that his failure to respond will result in the Court dismissing the action without prejudice.**

IT IS SO ORDERED.

    Dated:   **September 22, 2016**       **/s/ Jennifer L. Thurston**
                                                     UNITED STATES MAGISTRATE JUDGE

---

[1] It is also noteworthy that the Complaint is blank, other than Plaintiff's name, identifying information, "x" marks on the boxes that inquire regarding exhaustion, and Plaintiff's signature.  (Doc. 6.)  Plaintiff initiated this action by filing a packet of exhibits, but without allegations in the Complaint, a purpose and intent behind the filing of the exhibits cannot be ascertained.