# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE DANGERFIELD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNKNOWN, et al.,<br><br>　　　　Defendants. | **Case No. 1:16-cv-00806-JLT (PC)**<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE; DISREGARDING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO OSC; and DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(Docs. 6, 14, 15)**<br><br>**30-DAY DEADLINE** |

**I.    EXHAUSTION**

On September 22, 2016, the Court ordered Plaintiff to show cause why this action should not be dismissed without prejudice for his failure to exhaust administrative remedies prior to filing suit. (Doc. 14.) On October 7, 2016, Plaintiff filed a motion requesting a 60-day extension of time to file his response to the OSC. (Doc. 15.) In his motion, Plaintiff explained that he filed an administrative appeal on the issues he intends to raise in this action, but was subsequently transferred back and forth between the hospital and various facilities which caused him to miss deadlines to appeal to higher levels as paperwork and property is frequently lost when an inmate is transferred. (*Id.*) The Court does not now comment on the sufficiency of this explanation for Plaintiff's non-compliance with the deadlines. Rather, he may be required to demonstrate that the grievance process was unavailable to him through no fault of his own should the issue be raised

by the defense on summary judgment. *See Sapp v. Kimbrell*, 623 F.3d 813, 822-23 (9th Cir. 2010); *Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010); *Brown*, 422 F.3d at 939-40. However, because exhaustion is an affirmative defense and not a pleading requirement, *see Jones v. Bock*, 549 U.S. 199, 216 (2007), the Court **DISCHARGES** the order to show cause. Thus, Plaintiff's motion for a 60-day extension of time to respond to the OSC is **DISREGARDED**.

## II.    THE COMPLAINT

### A.    Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If an action is dismissed on one of these three basis, a strike is imposed per 28 U.S.C. § 1915(g). An inmate who has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has not alleged imminent danger of serious physical injury does not qualify to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

### B.    Summary of Allegations

Plaintiff initiated this action by filing 26 pages of exhibits. (Doc. 1.) Thereafter, Plaintiff filed a form Complaint on which he filled in only his name, prisoner number, institutional address, checked the boxes that there is a grievance procedure at the institution and that he did not present the facts in his complaint through the grievance procedures, and signed it. (*See* Doc. 6, pp. 1-3.) **This is insufficient.**

From his exhibits, it appears that Plaintiff may attempt to pursue claims related to an incident that occurred on September 16, 2015 when his wheelchair was not properly fastened and came untethered, which caused him injury. (*See* Doc. 1, pp. 1-4.) However, Plaintiff has not stated any factual allegations for the Court to determine which of his federal constitutional rights he feels were violated in that accident. Plaintiff may be able to correct the deficiencies in his

pleading so as to state a cognizable claim. Thus, the Court includes the pleading requirements, the standards for deliberate indifference to his safety under the Eight Amendment (which appears the most likely claim Plaintiff may have intended to state), and leave to file a first amended complaint.

### C. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation

omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

If he chooses to file a first amended complaint, Plaintiff should make it as concise as possible. He should merely state which of his constitutional rights he feels were violated by each Defendant and its factual basis. **It is insufficient for Plaintiff to merely append documents to the complaint and rely on the Court to plead his complaint for him. This is not the Court's role and, if he persists in this manner, the Court will be forced to dismiss the matter for his failure to state a claim.**

### 2. Linkage Requirement

The Civil Rights Act (42 USC § 1983) requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff must clearly state which defendant he feels is responsible for each violation of his constitutional rights and their factual basis as his complaint must put each defendant on notice of Plaintiff's claims against him. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

### 3. Exhibits

The Court is not a repository for the parties' evidence. Originals, or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) need not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court). If Plaintiff attaches exhibits to his amended complaint,

each exhibit must be specifically referenced. Fed. R. Civ. Pro. 10(c). For example, Plaintiff must state "see Exhibit A" or something similar in order to direct the Court to the specific exhibit Plaintiff is referencing. Further, if the exhibit consists of more than one page, Plaintiff must reference the specific page of the exhibit (i.e. "See Exhibit A, page 3").

At this point, the submission of evidence is premature as Plaintiff is only required to state a prima facie claim for relief. However, Plaintiff may not simply present exhibits and hope for the Court to miraculously divine the claims he intends to pursue and the facts upon which they are based as "courts should not undertake to infer [a] cause of action" . . . "'[T]he party who brings a suit is master to decide what law he will rely upon.'" *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007) (quoting *Bogovich v. Sandoval*, 189 F.3d 999, 1001 (9th Cir. 1999) (internal quotations and citation omitted)).

Plaintiff is reminded that, for screening purposes, the Court must assume that Plaintiff's factual allegations are true. It is thus unnecessary for a plaintiff to submit exhibits in support of the allegations in a complaint. If Plaintiff chooses to file a first amended complaint, he would do well to merely identify a constitutional right he feels was violated and state the facts upon which he feels the violation occurred.

### D.     Claims for Relief

#### 1.     Eighth Amendment -- Safety

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832, (1994) (citing *Helling v. McKinney*, 509 U.S. 25, 31 (1993)). Prison officials have a duty "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (citing *Farmer*, 511 U.S. at 832-33; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005)).

To establish a violation of this duty, the prisoner must "show that the officials acted with deliberate indifference to threat of serious harm or injury to an inmate." *Labatad*, at 1160 (citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002). This involves both objective and subjective components.

First, objectively, the alleged deprivation must be "sufficiently serious" and where a failure to prevent harm is alleged, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 834, quoting *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S.Ct. 2392 (1981). Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995). A prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . must also draw the inference." *Farmer*, 511 U.S. at 837. Liability may follow only if a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

### 2. Claims Under California Law

#### a. California Tort Claims Act

Under the California Tort Claims Act ("CTCA"), set forth in California Government Code sections 810 et seq., a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board ("VCGCB" or "Board"), and the Board acted on the claim, or the time for doing so expired. "The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." *Munoz v. California*, 33 Cal.App.4th 1767, 1776, 39 Cal.Rptr.2d 860 (1995). The purpose of this requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." *City of San Jose v. Superior Court*, 12 Cal.3d 447, 455, 115 Cal.Rptr. 797, 525 P.2d 701 (1974) (citations omitted). Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. *State v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1244, 13 Cal.Rptr.3d 534, 90 P.3d 116 (2004). Thus, in the state courts, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." *Id.* at 1239, 13 Cal.Rptr.3d 534, 90 P.3d 116 (fn.omitted).

Federal courts likewise must require compliance with the CTCA for pendant state law claims that seek damages against state public employees or entities. *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir.1969); *Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1477 (9th Cir.1995). State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may proceed only if the claims were first presented to the state in compliance with the claim presentation requirement. *Karim–Panahi v. Los Angeles Police Department*, 839 F.2d 621, 627 (9th Cir.1988); *Butler v. Los Angeles County*, 617 F.Supp.2d 994, 1001 (C.D.Cal.2008).

While Plaintiff's exhibits show that he filed a government claim form, there is nothing upon which to find that he complied with the CTCA beyond the initial filing of a government claim.

### b. Negligence

"An action in negligence requires a showing that the defendant owed the plaintiff a legal duty, that the defendant breached the duty, and that the breach was a proximate or legal cause of injuries suffered by the plaintiff. [Citations.]" *Regents of the Univ. of California v. Superior Court of Los Angeles Cty.*, 240 Cal. App. 4th 1296, 1310 (2015), *reh'g denied* (Oct. 26, 2015) quoting *Ann M. v. Pacific Plaza Shopping Center* (1993) 6 Cal.4th 666, 673 (*Ann M.*) [disapproved on another ground in *Reid v. Google, Inc*. (2010) 50 Cal.4th 512, 527, fn. 5].)

"In order to establish liability on a negligence theory, a plaintiff must prove duty, breach, causation and damages. The threshold element of a cause of action for negligence is the existence of a duty to use due care toward an interest of another that enjoys legal protection against unintentional invasion. Whether this essential prerequisite to a negligence cause of action has been satisfied in a particular case is a question of law to be resolved by the court. To say that someone owes another a duty of care is a shorthand statement of a conclusion, rather than an aid to analysis in itself. [D]uty is not sacrosanct in itself, but only an expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection. [L]egal duties are not discoverable facts of nature, but merely conclusory expressions that, in cases of a particular type, liability should be imposed for damage done." *Los Angeles Memorial Coliseum Commission v. Insomaniac, Inc.* 233 Cal.App.4th 803, 908 (2015) (citations

and quotations omitted).

### c.    **Supplemental Jurisdiction**

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c).  "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

## **CONCLUSION**

For the reasons set forth above, Plaintiff's complaint is dismissed with leave to file a first amended complaint within thirty days.  If Plaintiff no longer desires to pursue this action, he may file a notice of voluntary dismissal.

Plaintiff must demonstrate in any first amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980).  The first amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's first amended complaint should be brief. Fed. R. Civ. P. 8(a).  Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Although accepted as true, the "[f]actual allegations must be

1 [sufficient] to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. 127, 555
2 (2007) (citations omitted).

3       Plaintiff is further advised that an amended complaint supercedes the original, *Lacey v.*
4 *Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29,
5 2012) (en banc), and must be "complete in itself without reference to the prior or superceded
6 pleading," Local Rule 220.

7       The Court provides Plaintiff with **one final** opportunity to amend to cure the deficiencies
8 identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).
9 Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first
10 amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"
11 complaints).   Based on the foregoing, the Court **ORDERS**:

12     1. The order for Plaintiff to show cause why this action should not be dismissed for his
13        failure to exhaust administrative remedies that issued on September 22, 2016 (Doc.
14        14) is **DISCHARGED**;

15     2. Plaintiff's motion for an extension of time to file a response to the order to show
16        cause, filed on October 7, 2016 (Doc. 15) is **DISREGARDED** since moot;

17     3. Plaintiff's Complaint is dismissed, with leave to amend;

18     4. The Clerk's Office shall send Plaintiff a civil rights complaint form;

19     5. Within 30 days from the date of service of this order, Plaintiff must file a first
20        amended complaint curing the deficiencies identified by the Court in this order or a
21        notice of voluntary dismissal; and

22     6. If Plaintiff fails to comply with this order, this action will be dismissed for failure to
23        obey a court order and for failure to state a claim.

24
25 IT IS SO ORDERED.

26    Dated: **October 18, 2016**             **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE
27
28