# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE DANGERFIELD, | Case No. 1:16-cv-00806-JLT (PC) |
| Plaintiff, | **ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PREJUDICE** |
| v. | **(Doc. 17)** |
| UNKNOWN, | **ORDER DIRECTING CLERK'S OFFICE TO CLOSE CASE** |
| Defendant. | |

In this action, Plaintiff alleges that Officer Bradshaw violated his right to be free from cruel and unusual punishment by neglecting to secure his wheelchair in the transport van, which allowed Plaintiff to be injured when his wheelchair came loose and he was thrown around the back of the van. These allegations are not cognizable under 42 U.S.C. § 1983 as a violation of Plaintiff's federal rights which requires the action to be DISMISSED with prejudice.

**A.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If an action is dismissed on one of these three basis, a strike is imposed

per 28 U.S.C. § 1915(g). An inmate who has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has not alleged imminent danger of serious physical injury does not qualify to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

### B. Summary of Allegations

Plaintiff, a double amputee, alleges that, on September 16, 2015, Officer Bradshaw neglected his duty to properly secure his wheelchair in the back of the transport van on his return from Mercy Hospital. (Doc. 17, p. 4.) As a result, Plaintiff alleges that his wheelchair came loose and he was thrown around the back of the van and received a head injury. (*Id.*)

These allegations may state a claim for negligence under California law.[1] However, despite having been provided the legal standards for a claim under the Eighth Amendment in the prior screening order, (*see* Doc. 16), Plaintiff's allegations do not suffice to state a cognizable claim for violation of Plaintiff's civil rights under 42 U.S.C. § 1983 and are DISMISSED with prejudice.

### C. Plaintiff's Claim for Relief

#### 1. Eighth Amendment -- Safety

Though Plaintiff did not identify which of his civil rights he felt were violated in this incident, the Eighth Amendment appears most applicable. "The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Helling v. McKinney*, 509 U.S. 25, 31 (1993)). Prison officials have a duty "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (citing *Farmer*, 511 U.S. at 832-33; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005)).

To establish a violation of this duty, the prisoner must "show that the officials acted with

---

[1] The Court specifically declines to make a finding as to whether Plaintiff's claims suffice under California law and nothing herein should be construed one way or the other on that issue. If he decides to file an action in California Superior Court, Plaintiff will be required to meet all of the requirements for any such action.

2

deliberate indifference to threat of serious harm or injury to an inmate." *Labatad*, at 1160 (citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002). This involves both objective and subjective components.

First, objectively, the alleged deprivation must be "sufficiently serious" and where a failure to prevent harm is alleged, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 834, quoting *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S.Ct. 2392 (1981). Not properly securing a wheelchair bound inmate's wheelchair in a van during transport suffices as a sufficiently serious situation which can pose a substantial risk of serious harm.

However, Plaintiff's allegations do not meet the second, subjective requirement of showing that Officer Bradshaw knew "of and disregard an excessive risk" to Plaintiff's safety. *Id.* at 837; *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995). A prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . must also draw the inference." *Farmer*, 511 U.S. at 837. Liability may follow only if a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id*. at 847.

Plaintiff's allegations do not show that Officer Bradshaw was deliberately indifferent to the risk of harm to Plaintiff when he failed to properly secure Plaintiff's wheelchair in the back of the transport van. At most, Plaintiff's allegations of Officer Bradshaw's actions amount to negligence. Indeed, Plaintiff admits that Officer Bradshaw "neglected" his duty to properly secure his wheelchair. (Doc. 17, p. 4.) Mere negligence will not support a cause of action under the Eighth Amendment. *See Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.1980) (citing *Estelle*, 429 U.S. at 105-06); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004). Plaintiff's First Amended Complaint does not state a cognizable claim against Officer Bradshaw.

> **2. Claims Under California Law**
>> **a. California Government Claims Act**

As indicated above, Plaintiff may be able to pursue a negligence claim under California law against Officer Bradshaw. However, under California's Government Claims Act ("CGCA"),

set forth in California Government Code sections 810 et seq., a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board ("VCGCB" or "Board"), and the Board acted on the claim, or the time for doing so expired. "The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." *Munoz v. California*, 33 Cal.App.4th 1767, 1776 (1995). The purpose of this requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation," *City of San Jose v. Superior Court*, 12 Cal.3d 447, 455 (1974) (citations omitted), and "to confine potential governmental liability to rigidly delineated circumstances: immunity is waived only if the various requirements of the Act are satisfied," *Nuveen Mun. High Income Opportunity Fund v. City of Alameda, Cal.*, 730 F.3d 1111, 1125 (9th Cir. 2013). Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. *State v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1244 (2004). Thus, in the state courts, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." *Id*. at 1239 (fn.omitted).

To be timely, a claim must be presented to the VCGCB "not later than six months after the accrual of the cause of action." Cal. Govt.Code § 911.2. Thereafter, "any suit brought against a public entity" must be commenced no more than six months after the public entity rejects the claim. Cal. Gov. Code, § 945.6, subd. (a)(1).

Federal courts must require compliance with the CTCA for pendant state law claims that seek damages against state employees or entities. *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir.1969); *Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1477 (9th Cir.1995). State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may proceed only if the claims were first presented to the state in compliance with the applicable requirements. *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 627 (9th Cir.1988); *Butler v. Los Angeles County*, 617 F.Supp.2d 994, 1001 (C.D.Cal.2008).

4

Despite being previously informed of the above requirements, Plaintiff failed to state any allegations to show his compliance with the CTCA. However, even if Plaintiff met this requirement, for the reasons discussed in the next section, the Court would decline to exercise supplemental jurisdiction over Plaintiff's claims under California law.

### b. Supplemental Jurisdiction

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). As discussed above, Plaintiff fails to state a cognizable federal claim against Officer Bradshaw. Thus, this Court lacks discretion to retain supplemental jurisdiction over his claims under state law.

### **ORDER**

The First Amended Complaint does not state a cognizable claim against Officer Bradshaw. Given this persistent deficiency, despite having previously been provided the requisite legal standards, it appears futile to allow further amendment. Plaintiff need not be granted leave to amend as the defects in his pleading are not capable of being cured through amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

///

///

///

///

Accordingly, the Court **ORDERS** that the First Amended Complaint is **DISMISSED** with prejudice and the Clerk of the Court is directed to close the action.

IT IS SO ORDERED.

Dated: **May 9, 2017**  /s/ **Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE